JOHN L. BURRIS, Esq., SBN 69888
PATRICK M. BUELNA, Esq., SBN 317043
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ORTIZ, an individual. | Case No.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| v. | (42 U.S.C § 1983) |
| SAN JOAQUIN COUNTY, a municipal corporation; J. MENDEZ, individually and in his capacity as a sheriff deputy for the SAN JOAQUIN Sheriff Department; E. FLORES, individually and in his capacity as a sheriff deputy for the SAN JOAQUIN Sheriff Department; M. RODRIGUEZ, individually and in his capacity as a sheriff deputy for the SAN JOAQUIN Sheriff Department; C. DOWNEY individually and in his capacity as a sheriff deputy for the SAN JOAQUIN Sheriff Department;; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

# INTRODUCTION

1. Plaintiff Marco Ortiz was being booked in the San Joaquin County Jail after a dispute with his brother at their house. Mr. Ortiz is legally blind and has several medical complications that have disabled him. On arrival at the jail, Mr. Ortiz was understandably frustrated with his predicament. When deputies they invasively questioned about his sexuality. Mr. Ortiz began to argue.

2. For the mere act of talking, deputies used "pain compliance techniques" on Plaintiff: deputies jabbed Plaintiff in a pressure point on his neck that would cause pain and make it difficult to breathe; deputies also squeezed his arm on a pressure point. Then deputies directed him to a safety cell where they conducted a takedown, tacking Plaintiff and sweeping his leg that broke Mr. Ortiz's leg.

3. As a result of the deputies' excessive and unnecessary force, Plaintiff required approximately three surgeries to repair his leg, continues to have medical complications associated with his leg, which may have to amputated.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in French Camp, San Joaquin County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

# PARTIES

5. Plaintiff MARCO ORTIZ is a competent adult. Plaintiff is a resident of

CALIFORNIA.

6. Defendant E. FLORES was and at all times mentioned herein is a deputy sheriff for the SAN JOAQUIN Sheriff Department, and is sued in his individual capacity.

7. Defendant J. MENDEZ was and at all times mentioned herein is a deputy sheriff for the SAN JOAQUIN Sheriff Department, and is sued in his individual capacity.

8. Defendant M. RODRIGUEZ was and at all times mentioned herein is a deputy sheriff for the SAN JOAQUIN Sheriff Department, and is sued in his individual capacity.

9. Defendant C. DOWNEY was and at all times mentioned herein is a deputy sheriff for the SAN JOAQUIN Sheriff Department, and is sued in his individual capacity.

10. Defendant COUNTY OF SAN JOAQUIN (hereinafter "Defendant COUNTY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN JOAQUIN SHERIFF DEPARTMENT (hereinafter "COUNTY").

11. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the COUNTY OF SAN JOAQUIN ("COUNTY").

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. Plaintiffs filed a timely government claim with COUNTY on or about October 3, 2019, which was rejected by operation of law.

**STATEMENT OF FACTS**

16. On July 16, 2019, Plaintiff Marco Ortiz was being booked into the San Joaquin County Jail in French Camp, California after being arrested for a dispute with his brother at their house. Defendants E. Flores, C. Downey, J. Mendez and M. Rodriguez participated in the booking process.

17. Defendants asked Mr. Ortiz to sit down in a chair to have his photograph taken as part of the booking process. Mr. Ortiz complied and sat down in the chair. While Mr. Ortiz was waiting for his photograph to be taken Defendants began to ask him questions. When Defendants questioned Plaintiff whether or not he was a homosexual or transvestite, Plaintiff began to argue with Defendants about the question.

18. During the argument, Plaintiff did not threaten the defendants, get up from the chair or take any actions. Plaintiff merely argued with Defendants, who decided, solely on the basis of Plaintiff's argumentative behavior, to use force against him. Defendant J. Mendez wrote in his sworn police report that, in accordance with his training in dealing with verbally obtuse persons, that he used his hand to squeeze a pressure point in Plaintiff's neck which caused pain and difficulty of breath. Defendant Downey also admitted in a sworn police report, in accordance with training, that he used his hand to squeeze pressure points and cause pain in Plaintiff's arm for simply talking too much or in a manner that he did not like. None of the Defendants even

reported that Plaintiff threatened them at any times, or made any movements that appeared threatening.

19. Then, Defendants escorted Plaintiff to a safety cell where they conducted a "takedown" because Plaintiff was did not kneel down immediately after they asked. Defendant not use any de-escalation tactics, despite having no time pressures. The takedown included a leg sweep that broke Plaintiff's leg. None of the Defendants reported that, prior to using this extraordinary force, Plaintiff threatened them physically, or even verbally .

20. As a result of the Defendants excessive force, Plaintiff suffered a broken leg that required at least three (3) surgeries to repair, and Plaintiff still cannot walk. Plaintiff continues to have complications from the injuries and his leg may need to be amputated as a result. Plaintiff also suffers severe pain and suffering, emotional distress and humiliation as a result of the incident.

## DAMAGES

21. As a proximate result of Defendants' unreasonable and excessive use of force, Plaintiffs suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

22. The conduct of the Defendants were malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Defendants.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against Downey, Flores, Mendez, Rodriguez and DOES 1-25)*

23. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

24. Plaintiff was not threatening physically or verbally any deputies or anyone else

when Defendants used force. Therefore, the use of any force, including pain compliance techniques, tackling and leg sweeping Plaintiff was unlawful and excessive. Defendants' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

25. As a result of their misconduct, Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment – Due Process Violations under 42 U.S.C. Section 1983)**
*(Plaintiff against Downey, Flores, Mendez, Rodriguez and DOES 1-25)*

26. Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

27. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

   a. The right to be free from unreasonable force while in a pretrial detainee in custody as secured by the Fourteenth Amendment.

28. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

29. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

30. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and other state and federal laws.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)
*(Plaintiff against Defendant COUNTY and DOES 26-50)*

31. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

32. Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF SAN JOAQUIN officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant deputies used force against a nonviolent and nonthreatening person simply for arguing. Furthermore, Deputies used pain compliance techniques including essentially choking a person for talking and wrote in a sworn statement that this was a part of his training and approved policies. Furthermore, Defendants broke Plaintiff's leg for not kneeling down quick enough despite offering no resistance or threats in apparent accordance with their training. None of these deputies were disciplined or re-trained. High-ranking official know about the unconstitutional policy of using force against non-threatening person simply for argument, because Deputies wrote in sworn statements that this was a departmental approved technique.

33. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said deputies. Officials have not disciplined and/or retrained these deputies.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

35. As against Defendant COUNTY OF SAN JOAQUIN, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the COUNTY OF SAN JOAQUIN, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of COUNTY OF SAN JOAQUIN

POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

36. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF SAN JOAQUIN, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SAN JOAQUIN SHERIFF Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF SAN JOAQUIN:

    a. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

   d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

  37. Defendants COUNTY OF SAN JOAQUIN and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF SAN JOAQUIN' law enforcement personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

  38. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF SAN JOAQUIN personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the SAN JOAQUIN Sheriff Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY OF SAN JOAQUIN, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF SAN JOAQUIN have approved Defendant Deputies' grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the COUNTY OF SAN JOAQUIN and the SAN JOAQUIN Sheriff Department have shown affirmative agreement with the actions of Defendant Deputy Does 1-25, and have ratified the unconstitutional acts of Defendant Deputy Does 1-25.

39. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF SAN JOAQUIN and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

40. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY OF SAN JOAQUIN and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Downey, Flores, Mendez, Rodriguez, County and DOES 1-25)*

42. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

43. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

44. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code

§52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourteenth Amendment to the United States Constitution.

45. Excessive force which violates the Fourth Amendment and Fourteenth Amendment, also violates the Bane Act.[1] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

46. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[2] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

47. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[2] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

  c. Defendant using force against Plaintiff in the absence of any threat or need for such force;

  d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

  e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

  f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

  g. Violating multiple rights of Plaintiff;

48. Defendant SAN JOAQUIN COUNTY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

### SIXTH CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(Plaintiff against Downey, Flores, Mendez, Rodriguez, County and DOES 1-25)*

50. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

51. Defendants, while working as law enforcement officers for the SAN JOAQUIN SHERIFF DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiff without a lawful basis.

52. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendants did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their law enforcement duties was an unreasonable use of force.

53. As a direct and proximate result of Defendants' battery, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
*(Plaintiff against Downey, Flores, Mendez, Rodriguez, County and DOES 1-25)*

54. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

55. At all times, Defendants and Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

56. At all times, Defendants and Does 1-50 owed Plaintiff the duty to act with reasonable care.

57. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;

   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

58. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

59. Defendant SAN JOAQUIN COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

60. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## JURY DEMAND

61. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendants Flores, Rodriguez, Downey, Mendez and DOES 1-50 in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;
5. For declaratory and injunctive relief, including but not limited to:
   a. An order requiring SAN JOAQUIN Sheriff Department to institute de-escalation training within the department;
   b. An order requiring SAN JOAQUIN Sheriff Department to prohibit the use of force and pain compliance techniques in response to verbal agitation.
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated:  January 29, 2020                           **Law Offices of John L. Burris**

          <u>  /s/  Patrick M. Buelna  </u>
PATRICK M. BUELNA
JOHN L. BURRIS
LAW OFFICES OF JOHN BURRIS

Attorneys for Plaintiff MARCO ORTIZ