UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-00217-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Marco Ortiz ("Plaintiff") brings this Section 1983 excessive force action against San Joaquin County and San Joaquin Deputy Sheriffs Flores, Mendez, Rodriguez, and Downey ("Defendants") following injuries he suffered while in Defendants' custody. See Compl., ECF No. 1. Specifically, on July 16, 2019, Defendants booked Plaintiff at the San Joaquin County Jail after he was arrested for a dispute with his brother at their house. Id. ¶ 16. While Defendants were attempting to take Plaintiff's photo as part of the booking process, Defendant Mendez used a pain compliance technique on Plaintiff's neck, causing him pain and

1

difficulty breathing. Id. ¶¶ 17-18. Next, Defendants escorted Plaintiff to a safety cell where they conducted a "takedown" after Plaintiff refused to kneel down for his handcuffs to be removed safely. Id. ¶ 19. The takedown included a leg sweep by Downey which broke Plaintiff's leg. Id. As a result, Plaintiff has undergone three surgeries to repair his broken leg, Plaintiff still cannot walk, and Plaintiff's leg may need to be amputated. Id. ¶ 20.

On January 29, 2020, Plaintiff initiated the present action, asserting the following claims: (1) excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. Section 1983 against Downey, Flores, Mendez, and Rodriguez; (2) excessive force in violation of the Fourteenth Amendment Due Process Clause pursuant to 42 U.S.C. Section 1983 against Downey, Flores, Mendez, and Rodriguez; (3) Monell claims against the County; (4) violation of the Bane Act against all Defendants; (6)[1] battery against all Defendants; and (7) negligence against all Defendants. See generally Compl.

The parties filed cross-motions for summary judgment. See Pl.'s Mot. Summ. J. ("Pl.'s Mot."), ECF No. 21; Defs.' Mot. Summ. J. ("Defs.' Mot."), ECF No. 23.[2] Plaintiff filed a reply brief

---

[1] The Court follows the numbering of the complaint itself which does not include a fifth cause of action, instead skipping from the fourth cause of action to the sixth cause of action. See Compl. at 10-12.

[2] Although Defendants failed to identify their motion as an opposition and a cross-motion for summary judgment, Plaintiff failed to demonstrate prejudice would result from construing Defendants' motion as such. Pl.'s Reply at 2-4. Accordingly, the Court grants Defendants' request to treat their filing as a cross-motion for summary judgment. Defs.' Reply at 2.

in opposition to Defendants' motion and in support of his own motion. See Pl.'s Reply, ECF No. 27. Defendants also replied. See Defs.' Reply, ECF No. 28.

Plaintiff seeks summary judgment on his Section 1983 excessive force, Monell, and negligence claims against Mendez, Downey, and the County. Pl.'s Reply at 2. Defendants move for summary judgment on all claims. Defs.' Mot. at 8. For the reasons set forth below, the Court DENIES Plaintiff's motion for partial summary judgment and GRANTS in part and DENIES in part Defendants' motion for summary judgment.[3]

II. OPINION

A. Evidentiary Objections

Defendants filed a Separate Statement of Undisputed Facts, see Defs.' SUF, ECF No. 23-2, to which Plaintiff responded, see Pl.'s Resp. to Defs.' SUF., ECF No. 27-6. Plaintiff likewise filed a Separate Statement of Undisputed Facts, see Pl.'s SUF, ECF No. 21-13, to which Defendants responded and raised evidentiary objections, see Defs.' Resp. to Pl.'s SUF., ECF No. 25. The Court has reviewed these evidentiary objections but declines to rule on them as courts self-police evidentiary issues on motions for summary judgment and a formal ruling is unnecessary to the determination of these motions. See Sandoval v. Cty. Of San Diego, 985 F.3d 657, 665 (9th Cir. 2021) (citing to Burch v. Regents of the Univ. of Cal., 433 F.Supp.2d 1110, 1119) (E.D. Cal. 2006)).

---

[3] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 7, 2021.

3

1     B.   Legal Standard

2     Courts must grant a party's motion for summary judgment "if
3 the movant shows that there is no genuine dispute as to any
4 material fact and the movant is entitled to a judgment as a
5 matter of law." Fed. R. Civ. Proc. 56(a).  The movant bears the
6 initial burden of "informing the district court of the basis for
7 its motion, and identifying [the documents] which it believes
8 demonstrate the absence of a genuine issue of a material fact."
9 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is
10 material if it "might affect the outcome of the suit under the
11 governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
12 248 (1986).  Once the movant makes this initial showing, the
13 burden rests upon the nonmoving party to "set forth specific
14 facts showing that there is a genuine issue for trial." Id.  An
15 issue of fact is genuine if "the evidence is such that a
16 reasonable jury could return a verdict for the nonmoving party."
17 Id.

18    C.   Analysis

19         1.   Second Claim: Fourteenth Amendment

20     Defendants move for summary judgment on Plaintiff's second
21 claim for Fourteenth Amendment Due Process violations against
22 Downey, Flores, Mendez, and Rodriguez.  Defs.' Mot. at 16.
23 Citing to Pierce v. Multnomah Cty., 76 F.3d 1032, 1043 (9th Cir.
24 1996), Defendants contend this claim fails as a matter of law
25 because Plaintiff was a pre-arraignment detainee and thus all
26 claims of excessive force are governed by the Fourth Amendment
27 not the Fourteenth Amendment.  Id.

28     Pierce does clearly instruct: "the Fourth Amendment sets the

applicable constitutional limitations on the treatment of an arrestee." 76 F.3d at 1043. Plaintiff does not contend otherwise in his reply. See Pl.'s Reply. Accordingly, the Court grants summary judgment for Defendants on Plaintiff's second cause of action.

### 2.   First Claim: Section 1983 Excessive Force

Both Plaintiff and Defendants seek summary judgment on Plaintiff's first Section 1983 claim for excessive force in violation of the Fourth Amendment. Pl.'s Mot. at 9-12; Defs.' Mot. at 8-16. Plaintiff generally claims that Defendants conducted "an unjustified and unprovoked attack on a handcuffed, nonviolent and disabled subject." Pl.'s Reply at 14. Defendants paint a different picture, namely that Plaintiff "was uncooperative during the booking process and was sexually vile and obscene with the correctional officers responsible for his booking." Defs. Mot. at 1. As a response to Plaintiff's uncooperativeness, Defendants contend Mendez used a pain compliance technique for a short duration on Plaintiff's neck to try to take his booking photo and that Downey performed a leg sweep takedown to try to remove his handcuffs safely. Id.

Under the Fourth Amendment, officers may use force that is objectively reasonable under the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). Determining whether the force used is excessive or reasonable "requires careful attention to the facts and circumstances of each particular case." Id. at 396. The Supreme Court has set forth a non-exhaustive list of factors for courts to consider when assessing a pre-trial detainees' Section 1983 excessive force claim: "the relationship

5

between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kinglsey v. Hendrickson, 576 U.S. 389, 397 (2015).

Here, Plaintiff identifies two uses of force that he argues were excessive as a matter of law: (1) Mendez's use of a pain compliance technique on his neck and (2) Downey's use of a leg-sweep takedown technique which kicked out and broke his leg. Pl.'s Mot. at 10. Plaintiff further seeks to hold Flores and Rodriguez liable as integral participants. Pl.'s Reply at 8-9. Defendants counter that Mendez and Downey's uses of force were not excessive but rather objectively reasonable as a matter of a law, and that no facts support Plaintiff's contention that Flores and Rodriguez were integral participants. Defs.' Reply at 2-8.

Beginning with Mendez and Downey's uses of force, the Court finds numerous genuine disputes of material fact exist thereby precluding summary judgment for either party. See Pl.'s Resp. to Defs.' SUF. ¶¶ 12-22, 24, 32-34, 36, 38, 40-50, 52, 64, 72-74; Defs.' Resp. to Pl.'s SUF ¶¶ 1-3, 5, 7-8, 11-17, 19-23, 25, 27-28, 31-33, 35-36, 38-44. "Summary judgment is almost never appropriate on an excessive force claim" and must be "granted sparingly" "[b]ecause [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom." Nelson, et al. v. City of Hayward, Case No: 3:16-cv-07222-SK, ECF No. 92 at 9

6

(N.D. Cal. March 1, 2019) (citing to Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005)). Such is the case here. The parties vigorously dispute the facts surrounding both Mendez's and Downey's uses of force. These genuine disputes of material facts preclude the Court from granting summary judgment.

Nor does Defendants' emphasis on the lack of injury resulting from Mendez's use of the pain compliance technique, see Defs.' Mot. at 11; Defs.' Reply at 2-3, change this analysis. None of Defendants' cited cases support the proposition that injury is a required element of a Section 1983 excessive force claim. Rather "the extent of the plaintiff's injury" is just one factor in evaluating the objective reasonableness of an officer's use of force. Kinglsey, 576 U.S. at 397. That Plaintiff suffered no lasting injury from Mendez's use of force, does not, in and of itself, require this Court to grant Defendants' motion for summary judgment on this claim.

Next, Defendants argue Mendez and Downey are entitled to qualified immunity. Defs.' Mot. at 12-13, 16. But the same disputes of material fact preclude summary judgment on the issue of qualified immunity. See Pl.'s Resp. to Defs.' SUF. ¶¶ 12-22, 24, 32-34, 36, 38, 40-50, 52, 64, 72-74; Defs.' Resp. to Pl.'s SUF ¶¶ 1-3, 5, 7-8, 11-17, 19-23, 25, 27-28, 31-33, 35-36, 38-44. To determine whether Mendez and Downey are entitled to qualified immunity, the Court must evaluate (1) whether the officers' conduct violated a constitutional right, and (2) whether that right was "clearly established" at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001). In light of the disputed facts identified above, the Court cannot

1  make a determination as a matter of law on either <u>Saucier</u> prong.
2  Thus, Defendants' motion as to qualified immunity fails.
3  	Defendants additionally move for summary judgment on this
4  claim as to Flores and Rodriguez.  Defs.' Mot. at 8-9.
5  Emphasizing that Flores and Rodriguez did not apply force to
6  Plaintiff, Defendants contend Plaintiff cannot maintain an
7  excessive force claim against them.  Defs.' Mot. at 8-9.
8  However, Plaintiff seeks to hold these two officers liable as
9  integral participants "because they not only stood and watched
10 [Mendez and Downey] but participated in the uses of force."
11 Pl.'s Reply at 9.
12 	In <u>Boyd v. Benton County</u>, 374 F.3d 773, 780 (9th Cir.
13 2004), the Ninth Circuit articulated the "integral participant"
14 theory of liability for Fourth Amendment excessive force claims.
15 Specifically, the <u>Boyd</u> Court explained that officers may be held
16 liable as integral participants if they stand watch while the
17 excessive force occurs, are aware of it, and do not object.  <u>Id.</u>
18 Moreover, "'integral participation' does not require that each
19 officer's actions themselves rise to the level of a
20 constitutional violation.  For example . . . officers who
21 provided armed backup during an unconstitutional search were
22 'integral' to that search, and were therefore participants
23 rather than mere bystanders."  <u>Id.</u>
24 	Here after carefully reviewing the evidentiary record,
25 including the video footage, the Court concludes a reasonable
26 jury could find for Plaintiffs that Flores and Rodriguez were
27 integral participants.  That is, a reasonable jury could find
28 that they were more than "mere bystanders".  <u>Boyd</u>, 374 F.3d at

780. Accordingly, Flores and Rodriguez are not entitled to summary judgment on the Section 1983 excessive force claim either.

### 3. Third Claim: Monell

Both Plaintiff and Defendants also seek summary judgment on Plaintiff's third Monell cause of action against the County. Pl.'s Mot. at 13-14; Defs.' Mot. at 16-18. A local government unit may be held civilly liable under Section 1983 where an alleged constitutional violation is the result of policy or custom. Monell v. Dep't of Soc. Servs. of the City of New York, 426 U.S. 658, 690-691 (1978). To prevail on a Monell claim, a plaintiff must establish: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to 'deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt ex rel. Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal citation omitted).

Plaintiff's motion – which seeks to hold the County liable for training officers to use the pain compliance technique that Mendez used, see Pl.'s Mot. at 14; Pl.'s Reply at 8 - fails on the first element because as explained above, he has not established the underlying constitutional violation. Because Plaintiff did not establish as a matter of law that he was deprived of his Fourth Amendment right to be free of excessive force, he is not entitled to summary judgment on his Monell claims.

In their cross-motion, Defendants advance three arguments.

Defs.' Mot. at 16-18.  First, they argue Monell liability cannot attach because Mendez and Downey's conduct was constitutional. Id. at 17.  But as explained above, the Court cannot decide whether or not the underlying conduct was constitutional as a matter of law given the many genuine disputes of material facts. Thus, Defendants' first argument fails.  Second, Defendants contend there is no evidence the County failed to train or supervise Downey in the application of a leg sweep takedown, pointing out "[Plaintiff]'s own expert opined that there was no County policy that allowed for [his] fracture."  Defs.' Mot. at 18.  But Plaintiff has brought forward evidence refuting this contention.  See Pl.'s Resp. to Defs.' SUF. ¶ 73 (citing to Roger Clark Rule 26 Report, ECF No. 27-5).  Thus, this argument likewise fails to establish Defendants are entitled to summary judgment on the Monell claim.

Finally, Defendants argue Mendez's use of the pain compliance technique was consistent with County training and the County training for the application of the pain compliance technique is itself constitutional.  Defs.' Mot. at 18. However, once again Plaintiff has brought forward evidence to refute this argument.  See Pl.'s Resp. to Defs.' SUF. ¶ 64 (citing to Jacques Depo. at 26, ECF No. 27-1).  Specifically, in her deposition, San Joaquin Correctional Officer Amber Jacques testified that officers are not trained to use pain compliance techniques against a person for failure to look at a camera during a booking photo.  Jacques Depo. at 26.  This testimony undercuts the first premise of Defendants' final argument – that Mendez's use of pain compliance was consistent with County

training.  As such, the Court need not reach the second premise – that the County training is itself constitutional and denies Defendants' motion for summary judgment on Plaintiff's Monell claims.

### 4. Fourth Claim: Bane Act

Defendants move for summary judgment on Plaintiff's fourth claim for violation of the Bane Act.  Defs.' Mot. at 18-19; Defs.' Reply at 8.  They argue this claim "fails for the same reason the federal excessive force claim fails; because Downey and Mendez's force was objectively reasonable under the circumstances."  Defs.' Mot. at 18-19.  However, as explained above, numerous disputed issues of material fact preclude the Court from finding that Downey and Mendez's uses of force were reasonable as a matter of law.  These same issues thus preclude summary judgment on Plaintiff's Bane Act claim too.

Furthermore, the Bane Act imposes an additional requirement beyond a finding of a constitutional violation; it requires that an officer possessed a specific intent to violate plaintiff's rights. Reese v. Cty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018).  To establish this specific intent element, there must be, inter alia, a factual finding that the officer acted with the particular purpose of interfering with the plaintiff's right. Cornell v. City and Cty. of S.F., 17 Cal.App.5th 766, 803-804 (2017).  On the present record, a reasonable jury could conclude that Defendants acted with such a purpose.  Thus, this question of fact must go to a jury and summary judgment for Defendants on Plaintiff's Bane Act claim is denied.

///

11

### 5. Sixth Claim: Battery

Defendants also seek summary judgment on Plaintiff's battery claim. Defs.' Mot. at 19; Defs.' Reply at 8. Battery claims require a showing that the officer used unreasonable force. Nelson v. City of Davis, 709 F.Supp.2d 978, 992 (E.D. Cal. 2010).

Defendants contend this claim fails because any touching of Plaintiff was lawful and therefore Plaintiff cannot demonstrate the application of unreasonable force. Defs.' Mot. at 19. But as Plaintiff counters, the same issues of material fact discussed with respect to the Section 1983 excessive force claim arise here. Pl.'s Reply at 15; see also Nelson, 709 F.Supp.2d at 992 ("Because the same standards apply to both state law assault and battery and Section 1983 claims premised on constitutionally prohibited excessive force, the fact that Plaintiff's Section 1983 claims under the Fourth Amendment survive summary judgment also mandates that the assault and battery claims similarly survive.") Summary judgment for Defendants on Plaintiff's battery claim is denied.

### 6. Seventh Claim: Negligence

Finally, both Plaintiff and Defendants seek summary judgment on Plaintiff's seventh cause of action for negligence. Pl.'s Mot. at 13; Defs.' Mot. at 19-20. As another Eastern District Court has explained, Plaintiff's negligence claim "requires an assessment of whether the officers used reasonable care in quelling the subject disturbance," which "is akin to the analysis employed under the Fourth Amendment." Nelson, 709 F.Supp.2d at 992. "The fact that the Court has already determined. . . that unreasonable force for purposes of the

Fourth Amendment may have been employed similarly directs a conclusion that Plaintiff's negligence claims survive [summary judgment] as well." Id. at 992-993. So too here. The same issues of material fact surrounding Mendez and Downey's uses of force which preclude summary judgment on Plaintiff's Fourth Amendment excessive force claim also preclude summary judgment on this claim. Accordingly, the Court denies both parties' motions as to the negligence claim.

### III.   ORDER

For the reasons set forth above:

(1) Plaintiff's Motion for Summary Judgment is DENIED;

(2) Defendants' Motion for Summary Judgment on Plaintiff's Second Cause of Action is GRANTED; and

(3) Defendants' Motion for Summary Judgment on Plaintiff's First, Third, Fourth, Sixth, and Seventh Causes of Action is DENIED.

IT IS SO ORDERED.

Dated: February 8, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE